## DUDLEY & CASTON v. GREEN.

1. NONSUIT—CLAIM AND DELIVERY—CHATTEL MORTGAGE.—It is error to grant a nonsuit in an action for claim and delivery by a mortgagee of a stock of goods against a sheriff, who levied on them under executions a few days before mortgage was due, when demand was made after mortgage became due, but before sale, even though the sheriff had sold the goods when the action was commenced.

2. SALE—CLAIM AND DELIVERY—CHATTEL MORTGAGE.—A sale of mortgaged goods by a sheriff under execution, after demand made and mortgage due, cannot defeat the right of action, already complete in the mortgagee, for the possession thereof, or judgment for their value.

Before GARY, J., Bennettsville, September 24, 1895. Reversed.

Action by Dudley & Caston against Jno. B. Green, sheriff of Marlboro County, for possession of a stock of goods sold by him under execution, after demand made by plaintiff, claiming the same under a past due chattel mortgage. Nonsuit granted. Plaintiffs appeal on the following exceptions:

I. Because his honor, the presiding judge, erred, it is respectfully submitted, in holding that it was incumbent on plaintiffs to prove possession of the mortgaged property by defendant at the date of the commencement of the action.

II. Because his honor erred in not holding that proof of written notice and demand upon defendant for the mortgaged property before sale dispensed with the necessity of proving possession by him at the time action was instituted.

III. Because his honor erred in holding that there was not sufficient exidence of possession to put defendant to his proof.

IV. Because his honor erred in considering this action as one merely for the recovery of personal property, when, it is respectfully submitted, it was an action for damages.

V. Because his honor erred in holding that plaintiffs failed to prove possession of the property by defendant,

when, it is respectfully submitted, it was proved, and also admitted in his answer.

VI. Because his honor erred in not holding there was sufficient evidence on the part of plaintiffs to allow the case to go to the jury.

*Messrs. Dudley & Caston*, for appellant.

*Messrs. T. W. Boucher and H. H. Newton*, contra.

March 17, 1896. The opinion of the court was delivered by

MR. JUSTICE POPE.    It seems that the firm of J. & G. A. McAlister, being indebted to several persons living beyond the limits of this State, whose claims were in the hands of the law firm of Dudley & Caston for collection, made a mortgage of all their stock in trade as merchants, on the 24th day of November, 1894, to said Dudley & Caston, as trustees, in which mortgage the debt was fixed at $245, and was made to mature 24th December, 1894, and this mortgage was recorded in the office of the register of mesne conveyance for Marlboro on the day of its execution. There was an inventory of the stock in trade attached to the mortgage. On the 21st day of December, 1894, the defendant, John B. Green, as sheriff, under certain executions issued out of the Court of Common Pleas for Marlboro County to him directed, seized and took into his possession all of the stock of trade of said firm of J. & G. A. McAlister, but on the 26th day of December, 1894, two days after the maturity of the mortgage, Dudley & Gaston, as trustees demanded such property of the sheriff under their mortgage, forbade its sale by the sheriff, and gave him notice that he would be held liable for damages, if he persisted in possession and should make a sale of said stock of goods. On the first Monday (saleday) of January, 1895, the defendant, as sheriff, sold said stock in trade, at the aggregate price of $135.16, and has since continued to hold said money. On the 13th day of February, 1895, the plaintiffs, as trustees, brought this action against the sheriff to recover the said goods and

chattels, and for damages for the detention thereof, to the extent of $250; that the defendant may be adjudged to deliver the same to the plaintiffs as trustees, or, in the event property cannot be delivered, that plaintiffs have judgment for the sum of $245.73, as the value thereof. The answer of the defendant, as sheriff, admits that he took into his possession the stock of goods under the executions issued to him; that demand was made upon him by the plaintiffs for the stock of goods, which he declined to obey; that he sold the same for $135.16 on the first Monday of January, 1895; "that under and by virtue of the said executions, this defendant, as sheriff of Marlboro County, and not otherwise, levied upon certain goods and chattels of the character and description of those mentioned and described in the complaint, and took the same into his custody, a schedule of which property so levied upon and taken is hereto annexed as a part of this answer, and marked 'A,' which defendant believes to be a portion of the goods and chattels referred to in the complaint. * * * But the defendant denies the plaintiffs' right to said goods and chattels, because J. & G. A. McAlister owed many other debts than those represented by plaintiffs as trustees; and that when said firm made this mortgage to them, they made an illegal assignment of their property, &c." The action came on for trial before his honor, Judge Ernest Gary, and a jury, at Bennettsville, on the 24th September, 1895, at which time the plaintiffs introduced in evidence their mortgage, and by J. McAlister as their witness proved that he made out the schedule of goods attached to the mortgage, and that he turned over the same, on demand, to the defendant, as sheriff, about 20th December, 1894; also proved demand on sheriff, and his refusal to turn over goods to the plaintiffs. J. McAlister testified that sheriff took from him goods he supposed to amount in value to $225. Other testimony was introduced by plaintiffs, not material to our present inquiry. When plaintiffs closed their testimony, defendant interposed a motion for nonsuit. This motion was granted by the

Circuit Judge, as stated in the order, "on the ground that plaintiffs have failed to prove the possession of the property by the defendant, as alleged in the complaint."

It is supposed that such failure of proof by plaintiffs went to the disclosure made, that the sheriff had sold the property at the time—13th February, 1895—when the plaintiffs brought their action for claim and delivery. The plaintiffs appeal from the judgment below. The grounds of appeal will be set out in the report of the case.

We are not inclined to adopt any such rule. When a sheriff or any one else takes personal property belonging to another person, and, upon demand therefor, refuses to surrender it, but, on the contrary, sells such property, the person thus wronged has his right of action against such sheriff for claim and delivery, and in the event such delivery cannot be had, then for a judgment for its value. It is idle to say the amount of the sale must be sued for. The sheriff had no right to sell. Who can say that the property at sheriff's sale brought its full value? Certainly, if that sale represents the true value of the property, it was the duty of the sheriff to show it by his testimony. When this motion for nonsuit was made, the testimony of plaintiff showed this property to be worth $225. If it was necessary for plaintiffs to sue the sheriff for the moneys in his hands, that could only have been for $135.16. The right of action accrued to plaintiffs on the 26th December, 1894, when they demanded the return to them of their property by the sheriff, and he refused that demand. Then it was that they had a cause of action for claim and delivery, and if the sheriff, in disregard of their rights and of their notice, afterwards sold that property, such conduct on his part could not defeat a right of action already complete in the plaintiffs. We desire it distinctly understood that we are now passing on the single question of nonsuit, and not any other question involved in this case, as plainly manifested by the pleadings.

It is the judgment of this court, that the judgment of the

Circuit Court be reversed, and the cause remanded to the Circuit Court for a new trial.